WeldoN J.,
delivered the opinion of the court:
The question presented in this case is the right of the mar-shall to fees for the transportation of prisoners charged with crime, from the office of the committing magistrate to the place of holding court — the prisoners having been surrendered *47 by tbe sureties on their bonds — amounting- in the aggregate to the sum of $249.65. ,
The findings show that in four eases,'amounting to the sum of <§57.52, the prisoners were surrendered h}1- their sureties during vacation, but in the much larger number of cases the surrender of the prisoners was during the session of the court. The charges were allowed by the Depai'tment but afterwards disallowed and recharged to the claimant by a deduction made in his subsequent allowance of fees.
The disallowance was made under section 1018 of the Revised Statutes, which is as follows: “The bail of any person arrested and admitted to bail may in vacation arrest the defendant and deliver him to the marshal or his deputy before a judge or other officer having power to commit for the offense with which the person is charged, and; upon request of the suretjT, the judge or other officer shall commit the party to the custody of the marshal or deputy, and indorse on the recognizance discharge of such bail.”
The claim originated in the State of West Virginia, in the western district of that State, which district under a rule of the court is divided into four divisions; the court is held in one place in each subdistrict or division, and for convenience and economy certain counties are attached to each subdistrict, separate and distinct days being assigned by rule of the court for the hearing of cases from the respective counties.
In fourteen cases, amounting to charges in the sum of §192.13, the defendants were surrendered by the sureties before a committing magistrate on the day prior to the day the defendants were to appear in court under the assignment, but which dajT was subsequent to the first day of the term of court for that particular division or district.
By the condition of the recognizance the defendant and the bail obligato themselves, under the penalty of the bond, to be and have the principal in attendance during the forthcoming session of the court, thereby relieving the United States from all responsibility for his attendance, it being the presumption of the law that the obligation of the condition will be faithfully kept and discharged; but in derogation of that right on the part of the United States section 1018 provides that in *48 vacation the surety may surrender the principal to the marshal or deputy.
As is said in the opinion of the Comptroller disallowing the fees, “The intent of section 1018 is to give sureties the power to protect themselves at a time when they can not procure relief by application to the court, and was enacted for their benefit alone, not for the benefit of the defendant in procuring himself to be carried at the expense of the United States to the court where the conditions of the bail bond require that he shall appear for trial.”
While the surrender of the defendant is to be in the presence of the committing officer, the surrender is really to the marshal, and the presence of the officer is only necessary in order that the surety may bo exonerated and the defendant given the opportunity to furnish other bail. The marshal is presumed to know when the court is in session, and if the surrender is without authority of law he can not claim against the United States fees for the transportation of the prisoner illegally surrendered to him. He should have refused the application of the surety to surrender the defendant, the presumption being that he was first notified of the desire of the surety to surrender the principal, and upon such application the parties appeared before the committing officer to consummate the surrender.
The right of the surety to surrender the principal is an old common-law right, but that right is now limited by statute.
Officers should act in good faith and thereby prevent unnecessary cost in the execution of the duties of their office. The fact that- the defendants' were surrendered on the day preceding the time at which they were required to appear raises a presumption that the expense of transportation was intended to be avoided on the part of the defendants and cast upon the United States.
The claimant is entitled to recover the sum of §57.52, being the amount of fees incident to those who were surrendered in vacation, and judgment for that amount is ordered to bo rendered; but for those surrendered during the session of the court no allowance is made, and for that portion of the claim the petition is dismissed.